# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

---------------------------------------------------------------)
W GROUP INC.                                                   )
                                                               )  Civil Action No.
                                        Plaintiff,             )  JUDGE(S):
             v.                                                )
                                                               )
WG CONSULTING LLC                                              )
                                                               )
                                        Defendant.             )
---------------------------------------------------------------)

## COMPLAINT

The Plaintiff, W Group Inc. (hereinafter, "Plaintiff") by and for its complaint against Defendant, WG Consulting LLC ("Defendant") hereby alleges and states:

## INTRODUCTION

1. This is an action for Trademark Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114(1)(a), and the Common Law of the State of Texas, and for False Designation of Origin, False Advertising, and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125.

## PARTIES

2. Plaintiff, W Group Inc. is a Pennsylvania corporation located at 150 N. Radnor Chester Road, Suite A230, Radnor, Pennsylvania 19087.

3. Upon information and belief, Defendant, WG Consulting LLC is a limited liability company located at 1415 Louisiana Street, Suite 3500, Houston, Texas 77002.

**JURISDICTION AND VENUE**

4.     This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts), and 15 U.S.C. §1114, §1125. This Court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, and Unfair Competition, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5.     Venue is proper in this District pursuant to 28 USC §1391(b)(1) because the Defendant resides in this Judicial District.

**FACTUAL BACKGROUND**

6.     Plaintiff is the owner of all right, title, and goodwill associated with the trademark WGROUP in connection with business and technology consultation services (hereinafter, the "WGROUP Mark").

7.     Plaintiff is also the owner of US Registration No. 5,080,856 for the WGROUP Mark.  A copy of Plaintiff's Registration Certificate is attached as Exhibit A.

8.      Through more than 13 years of continuous use in commerce, W Group has acquired considerable federal and common law rights in its W GROUP Mark.

9.     Since long prior to the acts of Defendant complained of herein, Plaintiff has been engaged in the business of offering and providing business and technology consultation services under the WGROUP Mark.

10. Plaintiff has been using its WGROUP Mark since at least as early as 2004.

11. Defendant has subsequently adopted and is using the highly similar "WG CONSULTING" mark, in connection with services highly similar to those offered by Plaintiff, namely business and technology consulting services.

12. Defendant's WG CONSULTING mark is used in connection with highly similar services and/or goods as those offered under Plaintiff's registered WGROUP Mark.

13. Upon information and belief, Plaintiff's use of its WGROUP Mark predates Defendant's use of the WG CONSULTING mark by approximately a decade.

14. Defendant's use of the WG CONSULTING is without the approval or authorization of Plaintiff.

15. Defendant's infringing activity is willful.

16. Plaintiff and Defendant promote, market, and/or offer their services on the Internet, including through company websites and social media websites.

17. Plaintiff's and Defendant's services are both business-to-business services.

## COUNT I
## TRADEMARK INFRINGEMENT
## 15 U.S.C. §1114

18. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, of this Complaint and the acts of Defendant asserted therein as if fully recited in this paragraph.

19. Without the consent or authorization of Plaintiff, Defendant has adopted and used the WG CONSULTING mark which is confusingly similar to Plaintiff's WGROUP Mark, used

3

in connection with providing business and technology consultation services, and upon information and belief other related services.

20. Defendant is using the WG CONSULTING mark without Plaintiff's consent or authorization, in a way which damages the Plaintiff and is likely to cause confusion, mistake, and deception as to the source or origin of the services offered by Defendant, giving the impression that these services offered by Defendant are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

21. Defendant is using a color scheme in connection with the WG CONSULTING mark which is highly similar to the color scheme utilized by Plaintiff, giving the impression that these services offered by Defendant are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

22. On information and belief, the Defendant's business and technology consulting services under the WG CONSULTING Mark are offered through the same or related trade channels as the Plaintiff's services under the WGROUP Mark.

23. Upon information and belief, Plaintiff's and Defendant's services are marketed and promoted to the same or highly similar business customers.

24. On information and belief, Defendant's services are advertised and promoted through identical or highly related channels to those employed by the Plaintiff.

25. On information and belief, Defendant has no present intention of terminating the activities complained of but, on the contrary, is continually seeking to expand such activities.

26. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation, or association of the services of Defendant.

27. Plaintiff has placed Defendant on notice of its infringement in writing and Defendant has refused to discontinue its infringing activities.

28. Defendant is willfully infringing Plaintiff's WGROUP Mark.

29. Defendant's adoption and use of the WG CONSULTING mark infringes Plaintiff's rights in Plaintiff's WGROUP Mark as a result of Defendant's use of the WG CONSULTING mark in connection with the same or confusingly similar services and/or goods to those offered by Plaintiff under its WGROUP Mark.

30. Such use by the Defendant is likely to cause confusion, mistake, or deception as to the Plaintiff's WGROUP Mark and Defendant's use.

31. Plaintiff is damaged as a result of Defendant's activities.

32. Defendant's activities, as aforesaid, are in violation of 15 U.S.C. §1114.

## COUNT II
## COMMON LAW INFRINGEMENT

33. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

34. This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's WGROUP Mark, under the laws of the State of Texas.

35. The Plaintiff has used, and has acquired considerable goodwill and distinctiveness, with regard to its WGROUP Mark. The mark has been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding the Defendant's adoption and use of the WG CONSULTING mark.

36. Plaintiff has extensively used its WGROUP Mark in commerce and has acquired a considerable and valuable goodwill for its mark. Relevant segments of the public have come to associate Plaintiff's WGROUP Mark with Plaintiff and Plaintiff's services and goods.

37. Defendant's adoption of the highly similar mark contributes to the likelihood that consumers will attribute services offered under the WG CONSULTING mark as emanating from the Plaintiff.

38. Defendant's use of the highly similar WG CONSULTING mark, on related and confusingly similar services, as alleged above, is highly damaging to the Plaintiff and its mark.

39. Defendant's use of the WG CONSULTING mark in conjunction with identical or highly similar services as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the services and/or products sold and offered for sale by Defendant.

40. Defendant has been placed on notice of the Plaintiff's WGROUP Mark, and of the damage engendered by Defendant's use of the confusingly similar WGROUP Mark.

41. Defendant's infringement is willful.

42. Defendant's actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's WGROUP Mark and the goodwill associated with its trademark.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT

43. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

44. This count arises under 15 U.S.C. §1125(a).

45. Defendant has used the WG CONSULTING mark in a manner which is likely to cause confusion, mistake, or deception with Plaintiff's WGROUP Mark, by virtue of its prominent use thereof in connection with identical or highly related services.

46. Defendant's use of the WG CONSULTING mark represents a False Designation of Origin, as consumers are likely to associate the mark with Plaintiff and with Plaintiff's services.

47. Consumers will believe that Defendant's services in conjunction with the infringing WG CONSULTING mark are associated with, sponsored, and/or endorsed by the Plaintiff, when in fact they are not.

48. Defendant's use of the WG CONSULTING mark erodes the connection between Plaintiff's WGROUP Mark as being the single source for Plaintiff's services offered under such mark. The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

49. Defendant has no connection whatsoever with the Plaintiff and Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

50. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products and services of Defendant.

51. Defendant's use and/or association with Plaintiff's WGROUP Mark constitute a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendant.

52. Defendant's use of the WG CONSULTING mark constitutes false advertising leading consumers to believe that Defendant's services originate from the Plaintiff when in fact they do not.

53. Defendant's acts under this Count are willful.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT

54. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

55. This count is for Unfair Competition in violation of 15 USC §1125(a).

56. Defendant's adoption of a significant portion of the Plaintiff's WGROUP Mark without Plaintiff's consent is likely to cause confusion among consumers.

57. Defendant's adoption of the WG CONSULTING mark unfairly capitalizes on the goodwill associated with the Plaintiff's WGROUP Mark that Plaintiff has built throughout the years.

58. By adopting a mark that is so similar to Plaintiff's WGROUP Mark, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

59. Plaintiff is harmed by Defendant's activities.

60. Defendant's acts under this Count are willful.

61. Defendant's acts constitute unfair competition.

## COUNT V
## INJURY TO BUSINESS REPUTATION OR TRADE MARKS

62. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

63. Defendant has injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff's WGROUP Mark.

64. The actions of Defendant constitute an injury to the business reputation of Plaintiff and dilution of Plaintiff s proprietary trademark, in violation of Texas Business and Commerce Code Ann. § 16.29.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. THAT pursuant to 15 USC §1116 and the equity jurisdiction of this Court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or advertising of its services or goods under the trademark WG CONSULTING, WG, or any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's WGROUP Mark.

2. THAT pursuant to 15 USC §1117, Defendant be directed to pay over to Plaintiff, any and all damages which they have sustained by consequence of Defendant's statutory and Common Law Trademark Infringement, False Designation of Origin, False Advertising, and Unfair Competition as enumerated herein.

3. THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

4. THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all: molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the trademark WG CONSULTING, WG or any other trademark either alone or in combination with other words or symbols, or any colorable imitation of Plaintiff's WGROUP Mark, for the purposes of destruction thereof.

5. THAT the conduct of Defendant complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117.

6. THAT pursuant to 15 U.S.C. §1117, Defendant be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

7. THAT Defendant be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

8. THAT the Defendant be required to account to and pay Plaintiff for all profits and expenses realized by Defendant.

9. THAT Plaintiff be granted such other and further relief as this Court deems just and equitable.

> Respectfully Submitted,
>
> By: _s/ Jeffrey A. Lindenbaum_____
> Jeffrey A. Lindenbaum (*pro hac vice pending*)
> Michelle C. Morris (*pro hac vice pending*)
> COLLEN *IP*
> The Holyoke-Manhattan Building
> 80 South Highland Avenue
> Ossining, New York 10562
> Tel.  (914) 941-5668
> Fax. (914) 941-6091
> jlindenbaum@collenip.com
> mmorris@collenip.com
> *Attorneys for Plaintiff*

October 5, 2017